## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**MULTINATIONAL ASSOCIATION OF SUPPORTIVE CARE IN**                           **CASE NO.  6:20-CV-01456**

**VERSUS**                           **JUDGE JAMES D. CAIN, JR.**

**M C I GROUP CANADA INC**                           **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING
.

Before the Court is ”Defendant MCI Group Canada Inc.'s Motion to Dismiss for Failure to State a Claim” (Doc. 10), wherein MCI Group Canada Inc. (“MCI”) moves to dismiss Plaintiff Multinational Association of Supportive Care In Cancer's (“MASCC”) Complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

MASCC alleges the following in its Complaint. MASCC is an international multidisciplinary organization dedicated to research and education in all aspects of support care for people with cancer.[1] MASCC conducts an Annual Meeting in a different city around the world.[2] MCI is a professional conference organizer that provides turnkey event management and event management services.[3]

MASCC hired MCI to organize, plan, and manage its 2020, 2022, and 2023 annual meetings.[4] To that end, MASCC and MCI entered into an Agreement for Professional

---

[1] Original Complaint, ¶ 5, Doc. 1.
[2] Id. ¶ 6.
[3] Id. ¶ 7.
[4] Id. ¶ 8.

Congress Organizing Services (the "Agreement") to organize, plan, and manage these meetings.[5] The 2020 annual Meeting was supposed to occur in Seville, Spain on June 25-27, 2020.[6] MCI entered into an agreement with Congresos Y Turismo de Sevilla, S.A. ("Contursa") for the rental of the Seville Conference and Exhibition Centre to hold the Annual Meeting (referred to as the "Congress").[7]

The Agreement obligated MCI to obtain event cancellation insurance prior to signing any venue and/or hotel contract and upon finalization of the Congress Operating Budget.[8] MCI failed to procure event cancellation insurance before the 2020 Annual Meeting was cancelled due to the COVID-19 global pandemic.[9] MASCC incurred substantial losses due to the uninsured cancellation of the 2020 Congress. [10]

MASCC alleges that MCI has refused to absolve it of the financial loss it incurred due to MCI's failure to obtain the cancellation insurance, and MCI is in possession of approximately €267,032.36 from registrations and sponsorships for the cancelled 2020 Congress.[11] MCI continues to bill time and charges against these registration and sponsorship fees, which MASCC maintains must be returned to the registrants and sponsors.[12]

---

[5] Id. ¶ 9.
[6] Id. ¶ 12.
[7] Id. ¶ 13.
[8] Id. ¶ 14.
[9] Id. ¶ 15.
[10] Id. ¶ 16.
[11] Id. ¶ 17.
[12] Id. ¶ 18.

MCI has billed MASCC a "COVID Management Fee" in the amount of €17,200.00 which MASCC alleges is not allowed for or contemplated by the Agreement.[13] MCI has refused to reimburse MASCC for its cancellation losses and is actively depleting funds generated from the cancelled 2020 Congress.[14]

In its Complaint, MASCC seeks: (1) a judicial declaration that MCI breached the Agreement[15] by failing to secure event cancellation insurance prior to signing venue and/or hotel contracts for the 2020 Congress to be held in Seville Spain;[16] (2) damages for its financial losses, and to terminate the Agreement due to MCI's breach of contract for failing to secure event cancellation insurance prior to signing venue and/or hotel contracts for the 2020 Annual Meeting to held in Seville Spain;[17] (3) damages for unfair trade practices, for MCI's deceptive billing practices, its unwillingness to absorb MASCC's cancellation losses, and its refusing to release MASCC work product and information.[18]

MASCC's prayer for relief includes a judgment in its favor and against MCI for: (1) damages, including treble damages, attorney's fees, and costs, (2) terminate the Agreement, and (3) other general and equitable relief.[19]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the

---

[13] Id. ¶ 19.
[14] Id. ¶ 20.
[15] Exhibit A, attached to the Complaint, Doc. 1-1.
[16] Complaint, ¶ 24. Doc. 1.
[17] Id. ¶ ¶ 28-30.
[18] Id. ¶ 32-38.
[19] Id. PRAYER FOR RELIEF, p. 8.

sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

This lawsuit involves an Agreement between MASCC and MCI for event management services for MASCC's 2020, 2022, 2023 Annual Meetings/. Due to the COVID-19 pandemic, MASCC cancelled the 2020 Congress to be held in Seville, Spain. MCI, the contractual organizer for the Meeting failed to procure event cancellation insurance as required by the Agreement, prior to entering into contracts for the 2020 Congress at the Seville Conference and Exhibition Centre.

MASCC requested that MCI handle all matters relating to cancellation of the 2020 Congress. The Agreement did not obligate MCI to manage the cancellation.  In accordance with Schedule C of the Agreement, MCI charged MASCC an hourly fee for those services; MASCC referred to those charges as the "COVID Management Fee". The cancellation services included handling refunds of registration fees to MASCC's delegates, exhibitors

and sponsors.[20] As previously noted, MASCC became dissatisfied with MCI's handling of the cancellation, as well as the fact that MCI failed to procure cancellation insurance to cover the cancellation losses.  MASCC has filed this Complaint to terminate the Agreement by judicial decree and to recover the losses it has suffered.

*Breach of contract claim*

MASCC's breach of contract claim seeks termination of the Agreement and related damages.  MCI moves to dismiss the claim because MASCC did not comply with the Agreement's notice and payment provisions.

Section 9 of the Agreement provides that it is governed by Louisiana.[21]   Under Louisiana law, a plaintiff cannot state a breach of contract claim if it fails to comply with any notice provision or other conditions precedent set forth in the contract or applicable law. See *Ocean Mexicana, S.A. DE C.V. v. Cross Logistics, Inc.,* 2014 WL 2441103, at *3 (E.D. La. May 30, 20147) (dismissing plaintiff's breach of contract claim for failing to allege compliance with the conditions precedent as set forth in the agreement) ;  *Hall v. BP Exploration & Production, Inc.,* 2019 WL 3043921,  at *2 (E.D. La. 2019) (dismissing plaintiff's complaint for failing to meet the conditions precedent to filing a complaint, which included submitting a notice of intent to sue), *adopted and affirmed,* 2019 WL 3035505;  *Riverside Recycling, LLC v. BWI Cos. Inc. of Tex.,* 112 So.3d 869 (La. Ct. App. 1st Cir. 2012) (affirming judgment for seller on breach of contract action because the buyer was obligated, but failed, to give seller "proper notice and an opportunity to perform its

---

[20] Complaint, ¶ 34.
[21] Doc. 1-1.

obligations under the contract" before terminating the contract.); *cf. Advantage Roofing and Const. of La., Inc. v. M.W. Builders, Inc.,* 2009 WL 10700354, at *3 (M.D. La. 2009) (staying action until the party complies with the conditions precedent in the contract to filing suit); *Composite MAT Solutions, LLC v. Big Red Events, Inc.,* 2007 WL 782191 at *2 (E.D. La. 2007) (staying action for a period of six months until the plaintiff complies with the conditions precedent--an alternative dispute resolution provisions.

With regard to the notice requirements to terminate the Agreement, § 5.2 provides as follows:

5. Termination

5.1 Entry into Force, Term.  This Agreement shall enter into force upon its due execution by the Parties.

***

5.2 Termination for Cause. The Client [MASCC] may terminate this Agreement at any time based upon any of the grounds set forth below by written notice to the Contractor setting forth with specificity the ground(s) for such termination:

I.      The insolvency or inability of the Contractor [MCI] to pay its debts generally;
II.     The commission by the Contractor of any material misrepresentation or any dishonest or fraudulent act in the inducement to enter into this Agreement or the performance of any obligations hereunder;
III.    The persistent failure by the Contractor to perform or comply with any material provisions(s) of this Agreement; or
IV.     Material mismanagement by the Contractor of the finances of the Congress.
V.      The rules for Termination for Cause set-forth above shall also apply if
        • The Client is subject to bankruptcy, insolvency, appointment of a liquidator or receiver, or voluntary notification of over-indebtedness

• New laws will prevent participants and/or sponsors to contribute to the Congress to such a large and unforeseeable extent that a continuation of this Agreement is not possible for the Contractor.[22]

5.2.1 Before notice of termination may be given by the Client, it shall inform the Contractor in writing of the grounds(s) on which it intends to seek termination, and within (10) ten days thereof the Parties shall meet in person or via teleconference and make bona fide efforts to resolve and/or obviate the intended ground(s) for termination. In the event the Parties are unable to resolve the asserted grounds for termination within thirty (30) days of the commencement of discussions between them, the Client may give notice of termination for cause under section 5.2. and within (10) days thereafter shall pay to the contractor all cancellation and supplier fees payable at the date of termination as set forth below. . . .[23]

MCI argues that because the Agreement mandates that MASCC comply with the conditions precedent relating to terminating the Agreement, MASCC has failed to state a claim for breach of contract and likewise, the declaratory judgment must be dismissed. MCI complains that MASCC did not inform it of the grounds upon which it seeks to terminate the Agreement, nor did MCI attempt to resolve the issues or give MCI notice of termination. MCI further complains that MASCC has not paid it the required supplier fees and has not reimbursed MCI for amounts MCI has paid on MASCC's behalf.

MASCC argues that it has sufficiently plead a breach of contract claim that is plausible on its face under Rule 12(b)(6).  The Louisiana Supreme Court has provided that a plaintiff must assert the following elements to constitute a breach of contract claim: "(1) defendants owed them an obligation; (2) defendants failed to perform that obligation; and

---

[22] Doc. 1-1.
[23] Id.

(3) defendants' failure resulted in damages to the plaintiffs." *Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mt., LLC,* 193 So.3d 1110, 1115 citing 2 Saul Litvinoff, *La. Civ. Law Treatise: the Law of Obligations* 378-87 (1975); Louisiana Civil Code article 1994; *Favrot v. Favrot,* 68 So.3d 1099, 1108-09 (La. App. 4 Cir. 2/9/11). MASCC argues that it has sufficiently plead the elements of its breach of contract claim.

Section 6.2 of the Agreement requires MCI to purchase event cancellation insurance prior to the signing of any venue and/or hotel contracts; it also required MCI to fully absolve MASCC from any financial liability.[24] The Complaint alleges that MCI failed to purchase the required cancellation insurance causing MASCC financial loss and MASCC has failed to fully absolve MASCC for its losses due to MCI'S failure to purchase the insurance. The Court finds that MCI has sufficient pled a breach of contract claim.

As to the conditions precedent, MASCC asserts that Section 5 of the Agreement governs termination of the Agreement between the parties without action by the courts. MASCC remarks that the Agreement provides nothing about litigation or disputes between the parties. Thus, MASCC contends that there is nothing in the Agreement that limits its ability to file this lawsuit. MASCC notes that the cases cited by MCI[25] involve contracts that had specific litigation/dispute resolution language, whereas, the Agreement only refers to a notice provision that is triggered if either party intends to terminate the Agreement. Specifically, MCI relies on *Oceans Mexicana, S.A. de C.V., supra,* wherein the court held

---

[24] Doc. 1 ¶ 11; Exhibit A.
[25] *Oceans Mexicana, S.A. de C.V.,*

that no contract existed between the parties because there was a condition precedent—an advance payment—to the creation of a valid contract. The *Oceans* court also cited *Standefer v. Thompson,* 939 F.2d 161, 164 (4th Cir. 1991) which stated that courts do not generally favor contractual provisions as conditions precedent.

MASCC asks the Court to infer from the Complaint that it provided notice to MCI. See *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). MASCC relies on its allegations that MCI refused to absolve MASCC of the financial liabilities incurred due to MCI's breach,[26] and that MCI has refused to reimburse MASCC for cancellation losses.[27] MASCC suggests that through discovery, it will be able to demonstrate that it put MCI on notice prior to filing suit.

While the Court finds that MASCC has sufficiently pleaded a breach of contract claim, the notice provision to terminate the Agreement is unambiguous and specific. Even though MASCC suggests through discovery it can demonstrate that it provided notice, MASCC is the party attempting to terminate the Agreement, so one can only assume that MASCC, who was obligated to provide MCI with written notice would have access to any written document that put MCI on notice, the grounds for  termination,  and MASCC's intention to terminate the Agreement for those stated reasons. Even though section 5.2.1 does not refer to mediation or arbitration, the purpose of the provision is to allow the parties some type of informal resolution as to any dispute before terminating the Agreement. This case is in its infancy and therefore the Court is inclined to stay the case and allow MASCC

---

[26] Doc. 1, ¶ 17.
[27] Id. ¶ 21.

to either amend its complaint to allege sufficient facts to establish the aforementioned notice requirements, or to fully comply with section 5.2.1 and 5.2.2.[28]

*Declaratory judgment*

MASCC's request for a declaratory judgment seeks a declaration that MCI breached the Agreement by failing to secure event cancellation insurance.  MCI contends that the declaratory judgment request should be dismissed because it is duplicative of the breach of contract claim. MASCC cites *Veal v. Wells Fargo Bank, N.A.,* 2016 WL 6024534, at *6 (E.D. 2016). See also  *Edwards v. U.S. Bank Nat'l Assoc.* 2016 WL 4574585, at *5-6 (W.D. La. 2016) (recommending that plaintiff's declaratory judgment claims be dismissed because they "are duplicative of the breach of contract claims" and noting that "[t]he jurisprudence is replete with examples of situations in which declaratory judgment claims were dismissed as duplicative of other claims") (collecting cases);  *Smitty's Supply, Inc. v. Hegna,* 2019 WL 1099712, at *2 (E.D. La. 2019) ( dismissing declaratory judgment count because '[r]esolution of the breach of contract claims will resolve the issues raised in the declaratory judgment action[,]" and '[t]he declaratory judgment sought is therefore redundant and subject to dismissal.").

MASCC maintains that its breach of contract claim seeks reparations for MCI's past actions, whereas the declaratory judgment seeks protection and relief from the present and future risks of harm. In other words, MASCC seeks the declaratory judgment in order to terminate the Agreement due to MCI's breach and its deficient performance under the

---

[28] MASCC complains that MCI has not complied with this provision which requires that each party return, or at the direction of the party, destroy certain proprietary information.  However, MASCC does not provide sufficient facts in its Complaint as to what particular information it directed MCI to either return or destroy.

Agreement which would otherwise terminate on its own terms on December 21, 2023. MASCC asserts declaratory relief because it is a summary proceeding and this Court can order a speedy hearing.  Federal Rule of Civil Procedure 57 states, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action."

MASCC argues that the cases relied upon by MCI are distinguishable because there was no current or future risk of harm to the plaintiff to justify their action for declaratory relief. In *Veal v. Wells Fargo Bank, N.A.,* 2016 WL 6024534, *16 (E.D. La. 2016), the court held that, "[f]or a plaintiff to be entitled to declaratory relief, they must demonstrate that there is a substantial likelihood they will suffer a future injury." (citing *Kitty Hawk Air Cargo, Inc. v. Chao,* 418 F.3d 453, 458 (5th Cir. 2005)).

Similarly, in *Edwards,* the court dismissed Plaintiff's declaratory action because the claims focused on the same past actions for the breach of contract claims, and there was no present or future risk of harm alleged. In *Smitty,* the court found that Smitty's request for declaratory judgment on whether there was an enforceable agreement to establish certain stock plans, was duplicative of the other contract claims, and these other contract claims would fully resolve the claim for declaratory judgment.

MASCC argues that its declaratory action is different than its breach of contract claim, because through the declaratory action, this Court can resolve the present and future risk of harm to MASCC while its claims for past breaches are pending by the ordinary process.

MCI relies on a recent case to buttress its argument that a declaratory judgment is inappropriate because there is a more efficient way to resolve this dispute—a breach of contract action. *Specialized Industrial Maintenance, Inc. v. APTIM Maintenance, LLC,* 2021 WL 41075 (M.D. La. 1/4/2021). MCI argues that not only does MASCC fail to allege Article III standing,[29] its declaratory judgment action is not independent of its breach of contract count.

As to the future injury, MASCC asserts that the working relationship between the parties has entirely broken down, and it is stuck in a contract with MCI for its 2022 and 2023 meetings. Thus, MASCC argues that the substantial likelihood of future injury it currently faces is different from the past wrongs it suffered.  MASCC does not explain or allege facts in its Complaint as to what those future injuries might be.

The Court further notes that as stated hereinabove, MASCC seeks ultimately to terminate the contract, but has failed to allege facts to show that it has complied with the notice provisions in 5.2 in the Agreement.  Accordingly, the Court is again inclined to allow MASCC to amend its Complaint to allege facts to establish its future injuries as well as its compliance with the notice provision in the Agreement, and/or to comply with the notice provision.

---

[29] "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will sufferer [sic] injury in the future. *Specialized Industrial Maintenance, Inc.*, 2021 WL 41075 at *2, citing *Bauer v. Texas,* 341 F.3d 352 (5th Cir. 2003).

*Unfair trade practices*

MASCC alleges in its Complaint that MCI violated the Louisiana Unfair Trade Practices Act ("LUPTA") by engaging in serious unfair, deceptive, unethical, oppressive, unscrupulous, and injurious trade practices.  Specifically, MASCC alleges that MCI "churned bills to increase profits made from MASCC,[30] MCI failed to release registration fees from the 2020 Annual Meeting,[31] and refused to release MASCC work product and information.[32]

In  *Mabile v. BP, P.L.C.,* 2016 U.S. Dist. LEXIS 129540, *76-78 (E.D. La. Sept. 22, 2016), the court explained that:

> LUPTA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practice in the conduct of any trade or commerce." Courts determine what constitutes "unfair" and "deceptive" conduct on a case-by-case basis. Louisiana courts have stated that a practice is unfair "when the practice is unethical, oppressive, unscrupulous, or substantially injurious." Likewise, Louisiana courts have described a trade practice as deceptive when it amounts to "fraud, deceit or misrepresentation."

MASCC contends that it has alleged sufficient factual allegations, which taken as a whole show that it has suffered an ascertainable loss of money as the result of MCI's unfair and deceptive practices.

The Court notes that MCI attaches two (2) exhibits to challenge MASCC's allegations of unfair trade practices. MCI contends that MASCC's allegations relate entirely to the parties' contractual relationship, noting that the issue in *Mabile* cited by MASCC involved an alleged theft of an individual's prototype. Without considering MCI's

---

[30] Doc. 1, ¶ 35.
[31] Id. ¶ 36.
[32] Id. ¶ 37.

exhibits, which would be inappropriate when considering a dismissal pursuant to a Rule 12(b)(6) motion, the Court finds that MASCC's allegations are related to the parties' contractual relationship.  In other words, MASCC's Complaint fails to plausibly state a claim for fraud, deceit or misrepresentation.  Accordingly, the Court will dismiss this claim.

## CONCLUSION

For the reasons set forth herein, the Court will deny MCI's Motion to Dismiss the breach of contract claim, and the declaratory action in order for MASCC to comply with the notice provision of the Agreement and/or amend its Complaint to allege sufficient facts of its compliance of § 5.2 of the Agreement, including the specifics concerning the return and/or destruction of confidential information in § 5.2.2 of the Agreement. Finding that the Complaint fails to allege a violation of the Louisiana Unfair Trade Practices Act, the Court will dismiss this claim.

**THUS DONE AND SIGNED** in Chambers on this 11th day of May, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**