UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MULTINATIONAL ASSOC. OF SUPPORTIVE CARE IN CANCER** | **CASE NO. 6:20-CV-01456** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **M C I GROUP CANADA INC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 21] filed by defendant MCI Group Canada Inc. ("MCI") and seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) of the claims raised in the amended complaint of plaintiff Multinational Association of Supportive Care in Cancer ("MASCC"). MASCC opposes the motion. Doc. 25.

### I.
### BACKGROUND

This suit arises from a contract between MASCC, an organization dedicated to research and education in supportive care for people with cancer, and MCI, a company that provides conference organization, planning, and management services. As outlined in the court's prior ruling, MASCC alleges as follows: MASCC hired MCI to organize, plan, and manage its 2020, 2022, and 2023 annual meetings. To that end, MASCC and MCI entered into an Agreement for Professional Congress Organizing Services (the "Agreement") to organize, plan, and manage these meetings. The 2020 meeting was supposed to occur in Seville, Spain, in June 2020. MCI entered into an agreement with Congresos Y Turismo

de Sevilla, S.A. for the rental of the Seville Conference and Exhibition Centre to hold the annual meeting (referred to as the "Congress").

According to the complaint, the Agreement obligated MCI to obtain event cancellation insurance prior to signing any venue and/or hotel contract and upon finalization of the Congress Operating Budget. MCI failed to procure event cancellation insurance before the 2020 Annual Meeting was cancelled due to the COVID-19 global pandemic. MASCC alleges that it incurred substantial losses due to the uninsured cancellation of the 2020 Congress and that MCI refused to absolve it from these losses awhile billing additional expenses for the cancellation.

MASCC filed suit in this court, seeking (1) a judicial declaration that MCI breached the Agreement by failing to secure event cancellation insurance prior to signing venue and/or hotel contracts for the 2020 Congress to be held in Seville Spain; (2) damages for its financial losses and termination of the Agreement based on MCI's alleged breach of contract for failing to secure event cancellation insurance; (3) damages for unfair trade practices. Doc. 1. MCI moved to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) MASCC's allegations did not meet the high bar required to sustain an unfair trade practices claim and (2) MASCC was seeking to terminate the contract for cause but could not do so because it had not complied with the notice and termination provisions of the Agreement.

The Agreement was signed in 2018 and expires on December 31, 2023. *See* doc. 1, att. 1, p. 1. Before the end of this term MASCC may terminate the contract for cause under § 5.2.[1] *Id.* at 3–4. Under § 5.2.1, however, it must first fulfill certain notice requirements:

> Before notice of termination may be given by [MASCC], it shall inform [MCI] in writing of the grounds on which it intends to seek termination, and within ten (10) days thereof the Parties shall meet in person or via teleconference and make bona fide efforts to resolve and/or obviate the intended ground(s) for termination. In the event the Parties are unable to resolve the asserted grounds for termination within thirty (30) days of the commencement of discussions between them, [MASCC] may give notice for termination for cause and within [ten] (10) days thereafter shall pay to [MCI] all cancellation and supplier fees payable at the date of termination as set forth below.

*Id.* at 4.

The court agreed with MCI, granting the motion as to the unfair trade practices claim and denying it, conditional on amendment by MASCC, as to the breach of contract and declaratory judgment claims. Doc. 16. Specifically, the court held that those claims were only viable if MASCC could show that it had complied with the notice provisions under § 5.2 of the Agreement. *Id.*

In the FAC, MASCC argues that it is entitled to judicial dissolution of the contract under Louisiana Civil Code article 2013 and that the contract contains no conditions precedent to this relief. Doc. 18, ¶¶ 31, 33. It also asserts that § 5.2 violates Louisiana law and is therefore unenforceable. *Id.* at ¶¶ 36, 48–50. Finally, it maintains that it has complied

---

[1] Grounds for termination for cause include "[t]he commission by [MCI] of any material misrepresentation or any dishonest or fraudulent act in the inducement to enter into the Agreement or the performance of any obligations hereunder," MCI's "persistent failure to perform or comply with any material provision(s) of this Agreement," or "[n]ew laws [that] will prevent participants and/or sponsors to contribute to the Congress to such a large and unforeseeable extent that a continuation of this Agreement is not possible for [MCI]." Doc. 1, att. 1, pp. 3–4.

with § 5.2.1's notice requirements by communicating its dissatisfaction to MCI verbally and in writing. Specifically, it states:

> MASCC complied with the notice provisions of Section 5 prior to filing its Complaint by providing both written and verbal communications in which MASCC identified MCI's breaches of its obligations under the Contract (failing to procure event cancellation insurance, refusing to divest funds received from sponsors and registrants prior to cancellation of the 2020 Annual Meeting, and charging of COVID Management Fees). Furthermore, following these communications, the parties participated in a video conference in an effort to resolve MCI's breach and discussed the asserted grounds for termination at length. More than thirty (30) days elapsed between the video conference and the filing of this lawsuit, at which time MCI was put on extremely clear notice that MASCC seeks judicial termination of the Contract.

*Id.* at ¶ 41. In opposition to this motion it further maintains that the court erred in its analysis by requiring it to defend against an unpled affirmative defense. Doc. 25, p. 18

MCI again moves for dismissal under Rule 12(b)(6), asserting that the new allegations do not show compliance with § 5.2 and that the claims fail as a matter of law as outlined in the court's prior ruling. Doc. 21. It also asserts that the claim for declaratory judgment must be dismissed due to MASCC's failure to allege future damages. *Id.* MASCC opposes the motion. Doc. 25.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6) Standards*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims,

as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Compliance with § 5.2.1

In the FAC, MASCC argues that it is entitled to judicial dissolution of the contract under Louisiana Civil Code article 2013 and that the contract contains no conditions precedent to this relief. Doc. 18, ¶¶ 31, 33. It also asserts that § 5.2 violates Louisiana law and is therefore unenforceable. *Id.* at ¶¶ 36, 48–50. Finally, it maintains that it complied with § 5.2.1's notice requirements as outlined above. *Id.* at ¶ 41. In opposition to this motion it further maintains that the court erred in its analysis by requiring it to defend against an unpled affirmative defense. Doc. 25, p. 18.

At this point the court will not revisit its determinations regarding MASCC's obligation to comply with § 5.2.1 before terminating the contract. The company's

allegations of written notice, however, suffice to satisfy this requirement at the pleading stage. While MCI asserts timing issues with MASCC's alleged compliance, there is no heightened pleading requirement. MASCC is also under no obligation to attach correspondence to its amended complaint. To the extent that MCI disputes MASCC's degree of compliance with § 5.2.1, it may raise this issue through affirmative defense and motion for summary judgment.

### 2. *Declaratory judgment claim*

A declaratory judgment claim that mirrors a breach of contract claim must be dismissed unless the plaintiff can allege future damages. *See Veal v. Wells Fargo Bank, N.A.*, 2016 WL 6024534, at *6 (E.D. La. Oct. 4, 2016). MASCC premised its future damages on its potential obligation to remain in the contract with MCI, despite the fact that the parties' working relationship had broken down. The court held that the claim was deficient both because MASCC failed to more particularly allege its future injury or show a right to terminate the contract, and granted leave to amend. Doc. 16, p. 13.

The latter problem is handled above by the court's determination that MASCC may proceed with allegations that it complied with § 5.2.1. As for the future injury, MASCC asserts that its obligation to pay projected management fees through 2023, upon a termination for cause under § 5.2.1, satisfies this requirement. The court agrees. The projected management fees owed are calculated from a percentage based on the time at which MASCC terminates the agreement. *See* doc. 1, att. 1, p. 5. To the extent MASCC's exit from the Agreement is forestalled, it can show a threat of future injury.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 21] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of September, 2021.

*[Signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**